UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ELIZABETH RAMIREZ,

    Plaintiff,

v.                                  Case No.

BRUNSWICK CORPORATION
D/B/A MERCURY MARINE,

    Defendant.                        JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Elizabeth Ramirez, by and through her counsel, William Wetzel, Mary C. Flanner, and Cross Law Firm, S.C., complains and states as follow against Defendant Brunswick Corporation d/b/a Mercury Marine.

## NATURE OF ACTION

1. Plaintiff brings action against Brunswick Corporation d/b/a Mercury Marine ("Mercury Marine") alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §§ 2601 *et seq.*, to provide appropriate relief to Plaintiff who was terminated from her job in retaliation for exercising her rights under the FMLA. Plaintiff seeks back pay, reinstatement or front pay in lieu of reinstatement, liquidated damages, attorneys' fees and costs, and any other relief to which she is entitled by law.

## JURISDICTION

2. This Court has jurisdiction of the federal claim and the parties pursuant to 28 U.S.C. § 1331. This action is authorized and arises under federal law pursuant to 29 U.S.C. § 2617, applying to the FMLA.

3. Venue is appropriate within the United States District Court State of Wisconsin, Eastern District Milwaukee Division, pursuant to 28 U.S.C. § 1391(b)(1) as all parties reside or exist in the Eastern District of the State of Wisconsin, and the events and omissions giving rise to this claim occurred in that District.

## PARTIES

4. Plaintiff, Elizabeth Ramirez ("Ramirez" or "Plaintiff") is a citizen of the State of Wisconsin residing in the City of Fond du Lac, Fond du Lac County, WI. At all times relevant to this complaint, Plaintiff was a resident of the City of Fond du Lac, Fond du Lac County, WI. At all times relevant hereto, Plaintiff was an eligible employee as the term is defined under the FMLA.

5. Defendant Brunswick Corporation d/b/a Mercury Marine, is a foreign corporation authorized to and doing business in the State of Wisconsin. Defendant does business in the City of Fond du Lac, Fond du Lac County, WI. Its registered agent for service of process is CT Corporation System located at 301 S. Bedford St. Suite 1, Madison, WI 53703.

6. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4) which has employees subject to the provisions of the FMLA at its Fond du Lac location where Plaintiff was employed. Specifically, at the relevant time Defendant employed more than 50 employees at its Fond du Lac location.

## FACTS

7. Plaintiff began full time work with Defendant in March of 2011, at its Fond du Lac location and remained employed there until her employment was terminated on February 14, 2019.

8. At all times relevant to this complaint, Defendant employed over fifty employees within a seventy-five mile radius of its Fond du Lac location where it employed Plaintiff.

9. At all times relevant to this complaint, and on or around March 2012, Plaintiff was an eligible employee as that term is defined by § 101(2) of the FMLA, 29 U.S.C. § 2612.

10. Plaintiff was employed in several roles, including Return Goods Specialist, Support Technician I, Support Technician II, and Support Technician III.

11. Plaintiff suffers from a "serious health condition" under the FMLA, chronic asthma, which at times interferes with her ability to work. Plaintiff routinely treats with a pulmonologist for this condition.

12. In 2016, Plaintiff requested intermittent FMLA leave because her persistent chronic asthma at times caused her to be unable to perform the functions of her employment, and Defendant granted her request. Mercury Marine accepted recertification of Plaintiff's FMLA leave the following year and each subsequent year until 2019. Plaintiff utilized intermittent FMLA leave as needed.

13. Plaintiff provided Defendant with the proper documentation and notice when she used FMLA.

14. Defendant's Human Resource Director, Jo Bloom, often displayed resistance towards Plaintiff for using her FMLA leave and her conduct was intended to discourage Plaintiff

from using FMLA leave. Ms. Bloom repeatedly expressed skepticism to Plaintiff regarding the seriousness of Plaintiff's condition and necessity for FMLA leave.

15. During Ms. Ramirez's employment, Defendant's attendance policy revolved around a points system for certain absences not including FMLA absences.

16. On February 13, 2019, Plaintiff became sick rendering her unable to work. Upon her return to work the next day, Plaintiff asked Supervisor, Mr. Al Neubauer, if she could use an accrued vacation day to cover her absence the previous day, a common practice at Mercury Marine. Mr. Neubauer replied "We will see" and sent Plaintiff to Ms. Bloom's office to discuss her absence.

17. Plaintiff explained to Ms. Bloom that she had been too sick to go into a clinic and did not have the technological resources at home to have a telemedicine appointment with a provider who could have provided her with a doctor's excuse.

18. Ms. Bloom refused to accept Plaintiff's excuse or to permit her to use a vacation day, and instead handed her termination papers. She taunted Plaintiff, exclaiming "Let's see you wiggle your way out of this one!" and "This is for all those afternoons you took off without a valid reason." These comments by Ms. Bloom show an intentional and reckless disregard for Plaintiff's coverage and prior excused absences under the FMLA.

19. Before she could explain her absence or respond to Ms. Bloom's accusations, Ms. Ramirez was escorted off the property and her employment with Defendant was terminated.

20. The attendance report used to justify Plaintiff's termination includes several absences that were FMLA excused.

21. Defendant violated the FMLA when it terminated Plaintiff in retaliation for her use of FMLA leave.

4

22. As a direct proximate cause of Defendant's termination of Plaintiff, in violation of the FMLA, Plaintiff has suffered economic loss, including loss of wages and benefits.

23. This action is timely filed.

## COUNT I – RETALIATION AGAINST PLAINTIFF FOR TAKING FMLA LEAVE

24. Plaintiff incorporates paragraphs 1-25 as though fully set forth herein.

25. Defendant terminated Plaintiff effective February 14, 2019, because she exercised her rights under the FMLA.

26. Defendant's rationale for terminating Plaintiff is pretext in order to disguise FMLA retaliation.

27. But for having taken FMLA leave and exercising her FMLA rights and because Defendant anticipated Plaintiff's future use of FMLA, Plaintiff would not have been terminated.

28. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employee benefits, and has had to retain an attorney to litigate this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully prayed that this Court grant to Plaintiff the following relief:

(a) Grant Plaintiff judgment in her favor.

(b) Order the Defendant to make Plaintiff whole by providing back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

(c) Order the Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses including out of pocket costs resulting from the unlawful employment practices described above, in amounts to be determined at trial.

(d) Order the Defendant to reinstate Plaintiff to her prior position and seniority level, or, in the alternative, award Plaintiff front pay.

(e) Order Defendant to pay Plaintiff her reasonable attorney's fees and costs incurred as a result of bringing this action.

(f) Order the Defendant to pay Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A).

(g) Enjoin and permanently restrain Defendant from violating the FMLA.

(h) Grant Plaintiff any further and additional relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby requests trial by jury of all issues triable under federal law.

Respectfully submitted and dated this 9th day of February 2021.

**Cross Law Firm, S.C.**
Attorney for Plaintiff, Elizabeth Ramirez

By: /s/ William Wetzel
William Wetzel
State Bar No. 1093711
Wetzel@crosslawfirm.com
Mary C. Flanner
State Bar No. #1013095
mflanner@crosslawfirm.com

Cross Law Firm, S.C.
845 N. 11th Street
Milwaukee, WI 53233
Phone: (414) 224-0000
Fax: (414) 273-7055